**Claude Morris CRAIN, Appellant,**

**v.**

**Curtis JONES, Next Friend of Harold Curtis Jones, Carroll D. Arnold, a Minor, and Isaac Arnold, Appellees.**

**Morris CRAIN, Appellant,**

**v.**

**Carroll D. ARNOLD and Isaac M. Arnold, Appellees.**

Court of Appeals of Kentucky.

March 12, 1965.

As Modified on Denial of Rehearing June 11, 1965.

Pat Rankin, Stanford, for appellant.

James F. Clay, Danville, for appellee Arnold.

Robert M. Spragers, Lebanon, for appellee Jones.

CULLEN, Commissioner.

The appeals are from judgments in actions growing out of an automobile collision.

The automobiles of Claude Morris Crain and Carroll Arnold collided. Harold Jones, passenger in the Arnold car, sued Crain and Arnold. Crain and his wife (who was a passenger in his car) sued Arnold, who counterclaimed against Crain seeking contribution or indemnity on any recovery against Arnold in favor of Mrs. Crain. The cases were tried together. The jury returned a verdict awarding Jones $5,567.17 against Arnold and $10,567.17 against Crain; awarding Mrs. Crain $11,500.00 against Arnold; and denying recovery to Crain on his claim against Arnold. The court entered judgments in favor of Jones and Mrs. Crain pursuant to the verdict, and also entered judgment awarding Arnold $7,666.67 against Crain by way of contribution on Mrs. Crain's recovery (the court being of the view that the apportionment ratio applied by the jury on Jones' claim should be applied in allowing contribution on Mrs. Crain's claim). The judgment dismissed Crain's claim against Arnold.

Crain has appealed from the judgments, asserting as his principal contention that as a matter of law he was free of negligence and therefore the court erred in overruling his motions for a directed verdict and for judgments notwithstanding the verdict.

The Crain and Arnold automobiles were proceeding in opposite directions on a city street in Danville, approaching an intersection with a cross street. They collided in the intersection. Arnold testified that he was intending to make a left turn but that he had not executed the turn and had not crossed the center line of the street when his car was struck by the Crain car. He did not testify in positive terms that the Crain car was on the wrong side; he said only that he had remained on his right side. Jones testified that he did not know whether Arnold had turned across the center line before the collision. The testimony of the Crains was that Arnold turned suddenly into the path of their car, which was on its right side of the street. The driver of an automobile which passed through the intersection immediately in front of the Arnold car said the collision occurred just as she was passing out of the intersection and so close behind her that she thought at first her car had been hit.

The street on which the cars were travelling makes a jog at the intersection. The curb lines west of the intersection are several feet farther south than the curb lines east of the intersection. Thus, in order to pass through the intersection, a car going in either direction is required to angle to the left.

The principal damage to the Crain car was at the left front corner, whereas the Arnold car's damage was in the center of the front. (In fact, Arnold testified that he was "sure" that the left front fender of Crain's car struck his car "right in the center of the front.") The nature of the damages to the cars clearly shows that either the Crain car was angled to its right or the Arnold car was angled to its left when they collided. Because of the offset at the intersection, and the presence of the car ahead of the Arnold car, it would have been physically impossible for the Crain car to get into a position so that its left front corner would hit the Arnold car in the front center if the Arnold car was completely on its right side of the street and was parallel with the center line, as Arnold claimed (he said he had not started to make his left turn).

The inescapable conclusion from the nature of the damage to the cars and the above related circumstances is that the

collision occurred in the Crain car's lane of traffic, with the Arnold car angled across in a turning movement.

Further strong proof that the accident happened that way is found in the testimony that substantially all of the debris from the cars was in the Crain car's traffic lane.

■ Since there was no evidence at all that Crain was on the wrong side of the street, other than the inference arising from Arnold's testimony that he at all times remained entirely on his right side, and since that testimony under the proven circumstances could not have been true, the claim that Crain was on the wrong side of the street was not a basis upon which an issue of Crain's negligence could properly be submitted to a jury.

■ The appellees maintain that the jury was entitled to find Crain negligent in failing to keep a proper lookout and in failing to have his car under control. However, there is no evidence that the Arnold car's turning movement was made a sufficient period of time before the collision so that Crain, exercising proper lookout and control, could have avoided the collision. Arnold said he never crossed the center line; the Crains said he turned abruptly and directly in front of them, after they were in the intersection. It is true that Arnold said his left turn signal was flashing and he was signalling a left turn with his arm, and Crain said he did not see those signals, but we do not conceive that had Crain seen the signals he would have been put on notice that Arnold was contemplating a suicidal turn in front of the Crain car when it was only a few feet away.

■ It is our opinion that the trial court erred in overruling Crain's motion for judgments notwithstanding the verdict. Crain was entitled to judgment relieving him of any liability on Jones' claim and of any liability to Arnold by way of contribution on Mrs. Crain's claim. Also, he was entitled to judgment on his claim against

Arnold, establishing Arnold's liability and providing for future determination by a jury of the amount of damages.

The judgments are reversed with directions to enter judgments in conformity with this opinion.